918 F.2d 178
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Usha JAIN, Plaintiff-Appellant,
v.
CLEVELAND CLINIC FOUNDATION, Defendant-Appellee.
 No. 90-3085.
 United States Court of Appeals, Sixth Circuit.
 Nov. 16, 1990.
 
 Before BOYCE F. MARTIN, Jr., and ALAN E. NORRIS, Circuit Judges, and WISEMAN, Chief District Judge.*
 PER CURIAM.
 
 
 1
 Usha Jain appeals the district court's decision granting the Cleveland Clinic Foundation motion for summary judgment and dismissing the case. We agree with the district court that there is no genuine issue of material fact to support Jain's discrimination claims. Accordingly, we affirm the district court's decision.
 
 
 2
 Usha Jain, an Asian Indian, became employed as a medical desk receptionist for the Cleveland Clinic Foundation on August 2, 1976, and continued her employment through March, 1988. Jain took a medical leave of absence in May, 1986 and, upon her return in June, 1986, was under restrictions which limited her ability to lift, walk, and bend. In October, 1986, Jain was released from her current position because she could not be utilized due to her medical restrictions. In November, 1986, all of Jain's medical restrictions were removed and she was assigned as a medical desk receptionist "float" which involved substituting for other receptionists in other departments as needed. In August, 1987, Jain was informed that in order to continue her employment with the Clinic she would have to obtain a permanent position and was placed on a 90-day period of priority placement which expired on October 30, 1987. After failing to obtain an open position, Jain was placed on inactive status on March 24, 1988, and informed that her employment with the Clinic would be terminated on March 30, 1988. Throughout her employment she held the position of medical desk receptionist.
 
 
 3
 While Jain was on priority placement status, she applied for five separate openings within the Clinic each having the same job classification, job title and status as her previously held position. Two of the job openings were withdrawn and never filled. She was determined not to be qualified for one position. Two of the openings were filled by white persons who had less experience with the Clinic than Jain. Jain was notified in October, 1987, that she had not been selected for these positions. She alleges that the refusal to hire her for these two positions was based on age and racial discrimination in contravention of The Civil Rights Act of 1870, 42 U.S.C. Sec. 1981, the Ohio Discrimination Because of Age by Employers Statute, Ohio Revised Code Sec. 4101.17 and Ohio Common Law.
 
 
 4
 In her 18 U.S.C. Sec. 1981 claim, Jain alleges the Clinic denied her transfers to two permanent positions as a medical desk receptionist due to her race. As proof of this claim, Jain points to the fact that two white women with less experience than Jain were eventually hired for these positions.
 
 
 5
 The district court dismissed Jain's section 1981 claim primarily in reliance on Patterson v. McLean Credit Union, 491 U.S. ----, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). Based upon its reading of Patterson, the district court concluded that Jain's claim was not actionable under Sec. 1981. In Patterson, the Court limited the application of Sec. 1981 as follows:
 
 
 6
 But the right to make contracts does not extend, as a matter of either logic or semantics, to conduct by the employer after the contract relation has been established, including breach of the terms of the contract or imposition of discriminatory working conditions. Such postformation conduct does not involve the right to make a contract, but rather implicates the performance of established contract obligations and the conditions of continuing employment, matters more naturally governed by state contract law and Title VII.
 
 
 7
 Patterson, 491 U.S. at ----, 105 L.Ed.2d at 150. The Court noted that under certain circumstances a claim for failure to promote might be actionable under Sec. 1981. The Court stated a claim for failure to promote may be actionable if:
 
 
 8
 [T]he nature of the change in positions was such that it involved the opportunity to enter into a new contract with the employer. If so, then, the employer's refusal to enter into the new contract is actionable under Sec. 1981. In making this determination, a lower court should give a fair and natural reading to the statutory phrase "the same right ... to make ... contracts," and should not strain in an undue manner the language of Sec. 1981. Only where the promotion rises to the level of an opportunity for a new and distinct relation between the employee and the employer is such a claim actionable under Sec. 1981.
 
 
 9
 Patterson, 491 U.S. at ----, 105 L.Ed.2d at 156.
 
 
 10
 The district court ruled Jain had failed to produce sufficient evidence to show she was denied the opportunity to enter into a "new and distinct" employment relationship with the Clinic. Specifically, the court concluded Jain failed to produce any information concerning the difference between a "float's" contract or relationship with the Clinic and a permanent employee's contract with the Clinic. The court characterized Jain's claim as one for termination of an employment contract and not one of contract formation.
 
 
 11
 We agree with the district court's understanding of Patterson as disposing of Jain's discriminatory transfer denial claim. Jain has failed to demonstrate how she was denied the opportunity to enter into a "new and distinct" relationship with her employer.
 
 
 12
 The district court also ruled the Patterson decision should be applied retroactively in this case. The district court found no reason to depart from the general rule that cases are to be decided in accordance with the law at the time of the decision. The court noted that at the time Jain's complaint was filed the Supreme Court had set Patterson for reargument on the question of whether Sec. 1981 reached private conduct. Thus, because the viability of Jain's claim was doubtful at the time it was filed, the factors to be considered for nonretroactive application of existing law announced in Chevron Oil Co. v. Huson, 404 U.S. 97, 106-108, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971), were not present.
 
 
 13
 We agree with the district court's retroactive application of Patterson in the case. See Becton v. Burlington Northern R.R., No. 86-6136 (6th Cir. July 10, 1989) (per curiam).
 
 
 14
 We therefore find that summary judgment for the Clinic was appropriate and the decision of the district court is affirmed.